[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence February 21, 1986 Date of Application February 28, 1986 Date Application Filed February 28, 1986 Date of Decision June 23, 1992
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven at New Haven, Docket No. CR 7-89007.
John Williams, Esq., Defense Counsel for Petitioner
David Gold, Esq., Ass't. State's Atty. for the State
BY THE DIVISION
The petitioner was convicted by trial by jury of two counts of sexual assault 2nd in violation of Conn. Gen. Stat. 53a-71a, and four counts of risk of injury in violation of Conn. Gen. Stat. 53-21. The court imposed a sentence of 20 years, suspended after 9 years, 5 years probation.
Evidence at the trial indicated that petitioner repeatedly engaged in anal, oral and vaginal intercourse with the nine year old daughter and six year old son of his girlfriend. The mother CT Page 7203 also engaged in various sexual acts with the children.
At the hearing petitioner's attorney stressed that his client had no previous criminal record, he was a leader in the community, and an admirable ex-husband and father. He emphasized that the petitioner was not likely to be a repeat offender. He blamed these incidents on the co-defendant mother who was a witness for the prosecution and subsequently received a suspended sentence. He asked the Division to take into account the co-defendant's light sentence and the fact that the petitioner received a highly favorable presentence investigation report. Counsel calls the petitioner an "appealing candidate for leniency."
Petitioner, speaking on his own behalf, stated that he got involved with the wrong people. He claims he did not commit the crimes of which he was convicted. He stressed that while he has been incarcerated he has tried to be a model prisoner.
The state's attorney argued that the sentence was fair. He emphasized these were repeated acts of sexual abuse that have had a great impact on the children. The sentencing judge, at the time of sentencing, commented that the petitioner did indeed have an excellent presentence investigation report but the seriousness of the crimes warranted a higher sentence than the one suggested by the defense. The state urges that four and a half years for each child is "more than fair."
The crimes involved here are most serious and the traumatic effects on the victims are great. The maximum sentence for these crimes was 60 years. The sentence imposed was well below the maximum. It was not inappropriate or disproportionate in light of the nature of the offense and is in conformance with the Practice Book guidelines.
Sentence affirmed.
PURTILL, J. NORKO, J. KLACZAK, J.
Purtill, J., Norko, J. and Klaczak, J. participated in this decision. CT Page 7204